BERNARD J. FURSTONBURG V. THE STATE.

No. 23181. Delivered October 24, 1945.
Rehearing Denied (Without Written Opinion)
November 28, 1945.

The opinion states the case.

*B. Y. Cummings* and *D. M. Doyle,* both of Fort Worth, for appellant.

*Alfred M. Clyde,* Criminal District Attorney, and *W. R. Parker, J. Elwood Winters,* and *W. E. Myers,* Assistant Criminal District Attorneys, all of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of sodomy, and awarded the limit in punishment of fifteen years in the penitentiary.

There is no statement of facts in the record, it being conceded that the facts are sufficient to evidence the offense, provided the statute, Art. 524, P. C., is valid.

The only matter presented to us is the contention that the statute, Art. 524, P. C., is so vague and indefinite that same offends against Art. 6 of the Penal Code, and is therefore inoperative.

The statute, Art. 524, P. C., was amended in 1943, such amendment evidently being called for by reason of the holding of this court that the prior Art. 524, which had been in the Code since the year 1860, did not prohibit any copulation which

took place by means of the mouth, but only contemplated one through the anus.

The portion of the statute under consideration here reads as follows:

"Whoever has carnal copulation with a beast, or in an opening of the body, except sexual parts, with another human being, or whoever shall use his mouth on the sexual parts of another human being for the purpose of having a carnal copulation or * * * shall be guilty of sodomy," etc.

The contention is hereby made that "carnal copulation" means the touching, or joining of bodies, and could be met by a mere shaking of hands between two persons, or kissing thereof.

Construing our statute of 1860, in Harvey v. State, 55 Tex. Cr. R. 199, Munoz v. State, 281 S. W. 857, and many other cases there it was held that sodomy between two human beings could be accomplished through the anus and not through the mouth. In order to meet this condition, doubtless the legislature passed the 1943 amendment, and we now find ourselves called upon to construe what was meant therein by "carnal copulation."

Is is said in State v. Start, 132 Pac. 512, that:

"The rule at common law was that: 'All unnatural carnal copulation whether with man or beast seems to come under the notion of sodomy. 1 Hawkins Pleas of the Crown, p. 359."

It is held in Burk v. State, 8 Tex. App. 336, that "carnal knowledge" means and is used interchangeably with sexual intercourse. Also see Words & Phrases, Vol. 6, p. 161. Webster's International Dictionary defines the word "copulate," among other things, to mean to unite in sexual intercourse. While the word "carnal" may be redundant, nevertheless we think "carnal copulation" has a well defined and commonly understood meaning and is not inoperative, and does not offend against the provisions of Art. 6, P. C., which declares that any statute indefinitely framed and of such doubtful construction that it cannot be understood, is wholly inoperative.

The term "carnal copulation" is used interchangeably with the term "sexual intercourse," and such phrase appears in the denunciation of the crime of sodomy in a majority of the states of the Union. See Words & Phrases, Perm. Ed., Vol. 39, p. 418, et seq.

Appellant was charged with an unnatural connection with a young girl through the utilization of her mouth, and we think this amended statute was framed with, among other things, a contemplation of such a crime against nature.

The judgment is therefore affirmed.