DONALD LEE SINCLAIR V. STATE

No. 29,438. January 15, 1958.
Motion to Reinstate Appeal Granted March 12, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 23, 1958.

*Lloyd King*, Amarillo, for appellant.

*Wayne Bagley*, District Attorney, *Frank J. Baughman* and *Carlton B. Dodson*, Assistants District Attorney, Amarillo, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for sodomy; the punishment, 10 years in the penitentiary.

The appeal bond was made and filed after the adjournment of the trial term. It does not appear to have been approved by the sheriff as required by Art. 818, Vernon's A.C.C.P.

In the absence of a proper bond this court is without jurisdiction to enter any order except to dismiss the appeal. Jones v. State, 159 Texas Cr. Rep. 314, 263 S.W. (2d) 780; Salter v. State, 159 Texas Cr. Rep. 482, 264 S.W. 2d 719.

The appeal is dismissed.

Opinion approved by the Court.

### ON MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge.

The record has been perfected so as to show a properly approved appeal bond and the appeal is re-instated.

The indictment alleged that appellant used his mouth on the sexual parts of one Lewis for the purpose of having carnal copulation.

The state's proof shows that appellant entered a theater in Amarillo about 6 P.M. Sometime after he entered he moved to a seat next to Lewis and was seen to put his arm around Lewis and kiss him. He then moved over a few feet and laid down on

his stomach. Lewis unzipped his pants. Appellant laid his head in Lewis' lap and "it was moving and bobbing"; "a slight movement up and down."

Lewis, upon seeing the officers who had been called, pushed appellant away, "moved from underneath him"; stood up and then zipped up his pants.

Appellant, when his head was pushed from Lewis' lap, looked up, wiped his mouth with his arm and stood up. Both appellant and Lewis were then arrested.

Lewis testified at the trial and said he was drunk and did not remember going to the theater.

Appellant testified in his own behalf and said that he was drunk and did not know what was going on.

The trial court submitted the case as one of circumstantial evidence and charged on insanity produced by voluntary recent use of intoxicating liquor in mitigation of punishment.

Appellant insists that the evidence is insufficient to sustain the conviction because it does not show penetration such as required in rape and sodomy cases.

The portions of this statute here applicable make it an offense for one to use his mouth *on* the sexual parts of another human being for the purpose of having carnal copulation. We overrule the contention that penetration of the mouth is an essential element of such offense, the use of the mouth *on* the sexual parts of another for the purpose of having carnal copulation being sufficient.

As to those portions of Art. 524 V.A.P.C. which were not sodomy under the common law or under Art. 524 P.C. prior to its amendment in 1943, the case of Slusser v. State, 155 Texas Cr. Rep. 160, 232 S.W. 2d 727, is deemed authority for holding that the doing of the acts prohibited is now punishable as sodomy.

There is nothing in Furstonburg v. State, 148 Texas Cr. Rep. 638, 190 S.W. 2d 362, to the contrary, and we are cited to no other cases construing these provisions of Art. 524 V.A.P.C.

Appellant, in his brief, contends that reversal should be

ordered because appellant was placed on trial without counsel, in violation of Art. 1, Sec. 10, of the Constitution of Texas.

Conceding that it is not essential in all felony cases that the trial judge appoint counsel to represent the defendant, appellant's counsel on appeal contends in his brief that under all of the circumstances of the case the trial judge should have either appointed counsel, postponed the case until counsel could arrive, or continued the case.

Appellant was not represented at the trial. He testified on the hearing of the motion for new trial that he had a brother, in the Air Force, who was a licensed attorney, who was contacted two weeks in advance "so as to have him here for the trial of this case"; that he made two requests of the court before the trial began for sufficient time for his brother to arrive; that the lawyer brother arrived forty minutes "before the trial was completed," and that on his arrival his brother was ready, willing and able to defend appellant in this case, and that he was not familiar with trial procedure in a criminal case.

On cross-examination he testified that his first request of the court was to wait until his attorney, his brother, got there; that the court granted him until 10 o'clock and he asked again and it was denied.

He further testified that he talked to another attorney about his case, and was told on Monday before the case was tried that this attorney could not represent him; that when he was brought into court about 9 A.M. on the day the case was set for trial, he asked for an hour and said his brother was en route from Denver, and at 10 o'clock he tried to get more time which the court would not permit.

Appellant's testimony was the only evidence adduced at the hearing of the motion for new trial.

The trial judge certifies that the case was called on June 17, 1957, at which time trial was postponed to June 19, 1957, at 9 A.M., at which time appellant requested and was granted a further delay of an hour, and that at 10 A.M. he announced ready.

The trial judge further certifies that he did not require a formal application for continuance; that appellant appeared learned and skilled in the law.

There is no suggestion in the record of insanity of the defendant at the time of the trial, and the issue submitted to the jury was temporary insanity at the time of the offense, produced by the recent voluntary use of intoxicating liquor.

In overruling the motion for new trial, the trial judge stated: "I am going to overrule the Motion for New Trial, for the reason I feel this man was given a fair trial, passed on by a jury. To do otherwise would make it impossible to carry out the business of this court. He was represented by counsel right up to the point of trial; and if I were to grant motions for new trial in such cases as this we would have a chaotic condition around here—we never would be able to properly function; and the law does not require the appointment of an attorney to represent a man on plea of not guilty, unless charged with a capital offense. I have thought this over from the time of the trial to see if in any way the legal rights were denied him, and am of the opinion they were not; and so the motion is denied."

An examination of the statement of facts showing appellant's testimony and his cross-examination of the witnesses for the state sustains the trial judge's findings and conclusions.

The judgment is affirmed.