**Terry Lee TORME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50349.**

Court of Criminal Appeals of Texas.

July 9, 1975.

James P. Finstrom, Court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Phil Dixon, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On November 18, 1974, appellant pleaded guilty before the court to the offense of

aggravated robbery. Punishment was assessed at five years, but the imposition of sentence was suspended and appellant granted probation.

Included in the conditions of probation was the requirement that appellant "(a) Commit no offense against the laws of this or any other state or the United States.

Among violations of conditions of probation set forth in the State's amended motion to revoke filed on January 7, 1975 was the allegation that "On the 31st day of December, 1974, in Dallas County, Texas, Terry Lee Torme [appellant] unlawfully and knowingly engaged in deviate sexual intercourse with Frank Earl Thomas by the use of force."

The record reflects that after a hearing on the State's motion to revoke on January 23, 1975, the court entered its order revoking appellant's probation.

Appellant urges that the court erred in revoking his probation in that the evidence fails to reflect that appellant was the person who committed the act in question, and further that there is no showing that appellant's alleged acts were committed with intent to arouse or gratify the sexual desire of any person.

One Frank Earl Thomas, a prisoner in the Dallas County Jail on the night of December 31, 1974, identified appellant as the person who asked to make "love" to him. After Thomas refused the request, other prisoners known as "Kung Fu" and Skinner beat up on Thomas by hitting Thomas with their fists and kicking him. After Thomas testified that Skinner committed an act of sodomy on him, the record reflects the following:

"Q. All right. Then what happened next?

"A. Then after he [Skinner] got through, that's when he come up (indicating).

"Q. Who is 'he'?

"A. The Defendant there.

"Q. This Defendant right over here, Torme?

"A. Yeah.

"Q. What did he do?

"A. After Skinner got through he crawled up there and started f——— me.

"Q. Then by that do you mean that he inserted his penis in your anus?

"A. Yes.

"Q. And are you sure that he did that?

"A. Yeah. I saw him.

"Q. You saw him get on top of you?

"A. I saw him crawling in behind me.

"Q. Is there room for much more than two people in that bunk?

"A. Well, the way I was in it wasn't no room but just us two."

■ We find that the foregoing evidence sufficiently identifies appellant as having committed the act in question.

V.T.C.A. Penal Code, Sec. 21.04, provides in pertinent part:

"(a) A person commits an offense if, without the other person's consent and with intent to arouse or gratify the sexual desire of any person, the actor:

(1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex;

* * * * * *

"(c) An offense under this section is a felony of the second degree.

■ Appellant urges that there is no testimony that appellant made any statement which indicated his intent in committing the alleged acts. We conclude that "intent to arouse or gratify the sexual desire of any person" can be inferred from appellant's actions, coupled with his statement that he wanted to make love to Thomas.

■ It is further noted that the court in its order revoking probation made the finding that appellant violated "condition (a), to wit: Commit no offense against the laws of this or any other state or the United States." Clearly, the evidence reflects a violation of V.T.C.A. Penal Code, Sec. 21.06.[1]

There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion approved by the Court.

1. V.T.C.A. Penal Code, Sec. 21.06, provides:

"(a) A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.

"(b) An offense under this section is a Class C misdemeanor."