Jerry **FERGUSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56536.

Court of Criminal Appeals of Texas, Panel No. 1.

April 4, 1979.

Bruce Roberson, Perryton, for appellant.

William L. Rivers, County Atty., Perryton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., PHILLIPS and TOM G. DAVIS, JJ., and KEITH, C.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted for deviate sexual intercourse with a child who was under the age of seventeen years. V.T.C.A., Penal Code, Sec. 21.10. Prior to trial, a jury determined that he was competent to stand trial. Whereupon, appellant waived a jury and was found guilty in a bench trial with his punishment being assessed at four years.

Although the appellant does not challenge the sufficiency of the evidence, his confession coming to us without challenge, we summarize the evidence only to the extent necessary to bring the grounds of error into proper focus. The victim was the eleven-year-old stepdaughter of appellant who testified that appellant forced her to take his erect penis in her mouth and give him a "blow job". Appellant threatened physical harm to the child during the offense. The girl also testified that upon several other occasions the appellant made her play with his penis.

Court appointed counsel subjected the prosecutrix to a rigid cross-examination and attempted to create doubt in the mind of the trier of the fact by impeaching evidence. However, the victim remained firm in her original version of the complaint which she had given to the police officers a few days after the occurrence of the event forming the basis of the prosecution.

■■■ Appellant's first ground of error brings forward the contention that "[t]he evidence presented established as a matter of law that the defendant was incompetent to stand trial." Counsel points to the oral deposition of Dr. Allen Heacock which comes to us in the form of a supplemental transcript filed after oral submission of the cause.

During the course of the guilt-innocence phase of the trial, appellant's counsel attempted to introduce the entire deposition of Dr. Heacock containing more than seventy-five pages of testimony. At such time, the trial court stated into the record:

"I'm going to receive the entire deposition in evidence. However, the question of competency has already been determined by a jury, and *there has been no new evidence since that time* pointed out to the Court that would again raise the question of competency, so I'm concerned at this point only with the question of sanity. I will consider the deposition in that regard, but the question of competency has already been determined." (emphasis supplied)

We note at this point that counsel did not allude to any specific part of the deposition nor did he relate any happening in the courtroom which might have triggered a new competency inquiry. No objection was made to the limitation of the deposition to the sanity issue, as distinguished from the question of competency. Nor has appellant attempted to present for review the factual determination made at the competency hearing prior to his trial. See and compare *Jackson v. State,* 548 S.W.2d 685, 690 (Tex. Cr.App.1977).

Assuming, arguendo, that appellant has perfected a ground of error subject to review, we find no merit to the contention now advanced. We have considered Dr. Heacock's deposition, and particularly the specific pages to which our attention has been directed.[1]

As said in *Thomas v. State,* 562 S.W.2d 240, 243 (Tex.Cr.App.1978):

"A trial court is only required to sua sponte hold a competency hearing when

---

1. We do not approve of the method of bringing such testimony to our attention in the brief. Counsel says: "Appellant would urge that the testimony which most nearly incorporates the substance of Dr. Heacock's testimony appears at p. 18 1. 23 through p. 21 1. 22 and p. 46 1. 6 through p. 44 1. 12 of the deposition included in the transcript on file herein. Other portions of the deposition, although relevant to the incom-

petency issue, are less defined and are of little help in determining the ultimate issue."

In *Phillips v. State,* 511 S.W.2d 22, 27 (Tex. Cr.App.1974), we had occasion to criticize such form of fact references in appellate briefs. Counsel may help a busy court by quoting short excerpts of the testimony upon which he relies.

sufficient facts or circumstances are brought to the court's attention, from any source, that create a reasonable doubt as to the competency of the appellant."

From our review of the entire record, we do not find any facts or circumstances which would require the trial court to hold another competency hearing. Ground one is overruled. *Johnson v. State,* 564 S.W.2d 707, 709 (Tex.Cr.App.1978), upon rehearing.

■ Appellant filed a notice that he intended to rely upon the defense of insanity at the trial of the cause. V.T.C.A., C.C.P., art. 46.03, § 2(a). In his second ground of error he contends that Dr. Heacock's deposition mentioned earlier "established as a matter of law that the defendant was insane at the time of the commission of the offense alleged in the indictment."

The most that can be said for Heacock's testimony is that he characterized appellant as intellectually immature. Other testimony presented by appellant from his co-workers and friends showed him to be an average normal oil field worker and none of his friends mentioned his mental deficiencies, if any. Indeed, even Dr. Heacock refused to express an opinion as to whether appellant "was either capable or incapable of conforming his conduct to the requirements of the law."

In answer to a hypothetical question, Heacock said that appellant knew what he was doing, that it was wrong, and that he had the ability to conform to socially acceptable standards and expectations.

In our role as an appellant court, we must view the evidence in the light most favorable to the jury verdict. *Jordan v. State,* 506 S.W.2d 217, 221 (Tex.Cr.App.1974). We have reviewed the evidence and, contrary to the contention now advanced, we do not find that appellant has shown himself to be insane at the time of the trial. Ground two is overruled.

■ The third ground of error asserts that the State wholly failed "to show an intent on the part of the defendant to arouse and gratify the sexual desire of the defendant as alleged in the indictment." Again, we disagree and overrule such ground of error.

In *O'Neal v. State,* 421 S.W.2d 391, 395 (Tex.Cr.App.1967), we held that evidence of a common pattern of similar acts was admissible as tending to prove the intent on the part of appellant to violate the statute under which he was indicted. See also *McDonald v. State,* 513 S.W.2d 44, 51 (Tex.Cr.App.1974).

From our review of the record, we are convinced that the State discharged its burden of proving the requisite intend on the part of appellant when he engaged in the unnatural acts with his stepdaughter. *Torme v. State,* 525 S.W.2d 9, 10 (Tex.Cr.App.1975).

Appellant presents grounds four and five jointly in his argument and we will so dispose of the contentions. In the fourth ground he claims the indictment is fundamentally defective and does not allege an offense while the fifth ground charges that there is a variance between the allegata and the probata.

■ In substance, the indictment charged that the appellant "did then and there intentionally and knowingly with intent to arouse and gratify the sexual desire of the said Defendant, engage in deviate sexual intercourse with [L. D. M.], a female child not his spouse younger than 17 years of age, by engaging in oral deviate sexual intercourse." There was no motion to quash or set aside the indictment, so appellant must rely upon the indictment being fundamentally defective. See *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex. Cr.App.1974); *Rogers v. State,* 550 S.W.2d 78, 82 (Tex.Cr.App.1977).

The proof, as related earlier, showed that appellant made the child place her mouth over his erect penis and to move her head up and down while in such position.

Sexual abuse of a child is defined in V.T.C.A., Penal Code, Sec. 21.10(a):

"A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in devi-

ate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years."

In V.T.C.A., Penal Code, Sec. 21.01(1), this definition is pertinent:

"'Deviate sexual intercourse' means any contact between any part of the genitals of one person and the mouth or anus of another person."

■ At the outset, it must be admitted that the form of the indictment differs materially from the simple and effective form found in 7 Texas Practice, Willson's Criminal Forms Ann., § 6.31 (W. Morrison & T. Blackwell 8th ed. 1977),[2] but this fact, standing alone, does not conclude our consideration of the question presented. The instant indictment leaves much to be desired, especially when contrasted with the exemplary language found in *Morrison & Blackwell,* supra, but it is not fundamentally defective.

■ Appellant argues that the State has broadened the statutory definition of the offense "to include any touching of the 'surface of the mouth' and the mouth of another person, a definition not contemplated by the drafters of Penal Code Section 21.10." Further, it is contended that under the indictment proof of "nothing more than a lascivious French kiss" would suffice to support a conviction. We find the argument to be specious and lacking in merit.

Under the statute (Penal Code § 21.01), the deviate sexual intercourse may be had in contact of the genitals with either the mouth or the anus. The State, in the case at bar, used the word "oral" to confine its charge to contact with the mouth of the child. The use of the word "oral" in connection with a charge of sodomy is not uncommon, even by this Court. For in-

stance, in *Hohn v. State,* 538 S.W.2d 619 (Tex.Cr.App.1976), the appellant was indicted for the offense of sexual abuse of a child; yet, throughout the opinion, this Court—and properly so—spoke of "oral sodomy" as being the gravamen of the charge.

In *Pruett v. State,* 463 S.W.2d 191 (Tex. Cr.App.1970), this Court made an in depth survey of the validity of Art. 524 of the prior penal code, including the history of the earlier statutes, and synthesized the holdings of the Court on the sodomy statute between 1860 and 1943, concluding that prior to the 1943 statutory amendment "copulation in the mouth or using the mouth on the person of another was not sodomy." (463 S.W.2d at 196)

The Court then turned to a consideration of the holding in *Furstonburg v. State,* 148 Tex.Cr.R. 638, 190 S.W.2d 362, 363 (1945), rejecting a contention such as is advanced here.[3] The Court pointedly noted that appellant was charged "with an unnatural connection with a young girl through the utilization of her mouth" and was, thus, guilty of violation of the amended statute.

■ There were two means by which the offense charged could have been committed, depending upon the body cavity invaded—per os or per anus. And, it has long been the established rule in this state that "the indictment should set out the particular offense charged with such certainty as that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him." *Hardin v. State,* 85 Tex. Cr.R. 220, 211 S.W. 233, 236, 4 A.L.R. 1308 (1919). See also *Hill v. State,* 544 S.W.2d 411, 413 (Tex.Cr.App.1976); *Seiffert v. State,* 501 S.W.2d 124, 126 (Tex.Cr.App. 1973).

---

**2.** Morrison & Blackwell's form § 6.31, adapted to the facts of this case, reads: "A.B. did then and there with intent to arouse and gratify the sexual desire of the said A.B. engage in deviate sexual intercourse by then and there placing his genitals in contact with the mouth of C.D., a female child not his spouse younger than 17 years of age."

**3.** *Furstonburg,* supra (at 363): "The contention is herein made that 'carnal copulation' means the touching, or joining of bodies, and could be met by a mere shaking of hands between two persons, or a kissing thereof."

Under the statute, V.T.C.A., C.C.P., art. 21.11,[4] appellant was advised of the offense with which he was charged; namely, (a) deviate sexual intercourse, a term defined in V.T.C.A., Penal Code, Sec. 21.-01(1); (b) with a child of the opposite sex under the age of 17 years and with intent to arouse and gratify his sexual desire, as set out in V.T.C.A., Penal Code, Sec. 21.10(a); and (c) that the body cavity involved was not the anus but was "oral", a word commonly associated with the mouth and never with the anus.

There being no challenge to the sufficiency of the indictment in the trial court, we are of the opinion that there is no reversible error now presented on appeal and the challenge is overruled. *American Plant Food Corporation v. State,* supra (508 S.W.2d 598).

We find no merit to the sixth ground of error contending that the State failed to prove that the child was not the spouse of the appellant. The State established that at the time of the commission of the offense appellant was married to the child's mother and that the only relationship between appellant and the prosecutrix was that the child was his stepdaughter. The sixth ground of error is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

---

4. *Art. 21.11*: "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment . . . .."