Charles Gregory DONOHO, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–041–CR.

Court of Appeals of Texas,
Texarkana.

Jan. 12, 1982.

Rehearing Denied Feb. 9, 1982.

Discretionary Review Granted
April 28, 1982.

Frank Shor, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

BLEIL, Justice.

Charles Donoho appeals his conviction of committing deviate sexual intercourse in a public place. After a jury trial, the court set punishment at a $250.00 fine and confinement for ninety days, probated for one year. The three grounds of error challenge the sufficiency of the evidence to support the verdict.

In reviewing sufficiency of the evidence questions we do not determine the credibility of the witnesses. We look at the evidence in the light most favorable to the verdict and determine whether there is evidence which the jury could have believed in arriving at their verdict. *Rogers v. State*, 550 S.W.2d 78 (Tex.Crim.App.1977). We find the evidence sufficient and affirm the judgment.

Officer Charles Roberts, a Dallas police officer, was the only witness in this case. He indicated that on May 4, 1979, he was assigned to the vice-control division of the police department. On that date he, together with Officer Cox of the police department, went to "The Locker", a gay bar located in Dallas. He went inside and sat on a stool in front of the well lighted dance area. Donoho and two other persons were on the dance floor. While dancing with another man, James Roberson, Donoho got down on his knees and placed his mouth against the genital area of Roberson who stood there moving back and forth. Donoho placed his mouth on Roberson's genital area and made kissing motions while actually rubbing the area. This continued about thirty seconds and the officer stated that Roberson just moved back and forth forcing his pelvic area, "It appeared to me, even closer into the—into the defendant's mouth."

Critical to the case is the following exchange which occurred during the prosecution's direct examination of Roberts:

"Q. And did this defendant, Charles Gregory Donoho, place his mouth in contact with the genitals of James Ronald Roberson?

"A. Yes, sir, he did.

Mr. Aranson: Your Honor, repetitive.

The Court: Sustained.

Mr. Aranson: And I'd ask that the answer be stricken.

The Court: The jury will disregard the last question and answer and consider it for no purpose."

By his objection to the testimony on the basis of its being repetitious, the appellant is estopped to assert that matters objected to and excluded were not sufficiently established at trial.

Officer Robert's answer established that James Roberson had genitals and that there was contact between Donoho's mouth and Roberson's genitals. Appellant's objection and motion to strike that testimony on the basis that it was repetitious estops him from now assuming a contrary position. *Texas Department of Public Safety v. Cannon*, 547 S.W.2d 302 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Yarber v. Pennell*, 443 S.W.2d 382 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); *Lobit v. Crouch*, 323 S.W.2d 618 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.). Thus, sufficient evidence exists to establish that Roberson, a man, had genitals and that there was contact between his genitals and Donoho's mouth.

Donoho also argues that there was insufficient evidence of contact between his mouth and Roberson's genitals because

there was no testimony that flesh-to-flesh contact occurred. This contention requires a close look at the statute under which Donoho was charged. Section 21.07, Tex. Penal Code Ann., entitled "Public Lewdness" provides in part:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place . . .

\* \* \* \* \* \*

"(2) an act of deviate sexual intercourse;"

\* \* \* \* \* \*

The Penal Code, § 21.01 defines "deviate sexual intercourse" as any contact between any part of the genitals of one person and the mouth or anus of another person. This term, as defined in Section 21.01, requires only *any contact*, not penetration, and is consistent with prior law. *Sinclair v. State*, 166 Tex.Cr.R. 167, 311 S.W.2d 824 (1958).

Donoho contends that contact must require "flesh being placed upon flesh." He recognizes that the case of *Resnick v. State*, 574 S.W.2d 558 (Tex.Crim.App.1978), rejected a similar claim in dealing with a prosecution under Section 21.07(a)(3), Texas Penal Code Ann., which prohibits public acts of "sexual contact." "Sexual Contact" means any touching of the anus or any part of the genitals of another person or the breast of a female, ten years or older, with intent to gratify sexual desire.

In *Resnick*, the defendant and a police officer went into an adult movie house in Dallas. The officer put coins in the movie unit and while he and the defendant watched the movie, the defendant placed his hand on the genitals of the officer, even though the officer wore pants which were zipped. In rejecting Resnick's argument that the sexual contact required flesh-to-flesh contact, the court concluded that to touch or to contact does not require a flesh-to-flesh meeting. The court further explained that if flesh-to-flesh contact were required, a defendant who thrust his hand under a person's underwear and fondled his or her genitals publicly could not be prosecuted for public lewdness if he were wearing a glove. Employing such an analysis dealing with deviate sexual intercourse, a court-imposed flesh-to-flesh contact requirement might arguably preclude prosecution for public lewdness by one committing deviate sexual intercourse while using a prophylactic device.

 In any instance, if the legislature intended to require that there be flesh-to-flesh contact or penetration for the offense of deviate sexual intercourse to be committed, it could have so provided. We hold that the evidence is sufficient to support the verdict under the facts of this case and the applicable Penal Code provisions.

We affirm.