Charles Gregory DONOHO, Appellant,

v.

The STATE of Texas, Appellee.

No. 162–82.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 24, 1982.

Mike Aranson, Frank Shor, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jeffrey B. Keck, Mike Rubbinaccio and J. Steve Bush, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The Texarkana Court of Appeals affirmed a conviction for public lewdness by committing an act of deviate sexual intercourse in a public place, denounced by V.T. C.A. Penal Code, § 21.07(a)(2).[1] *Donoho v. State*, 628 S.W.2d 483 (Tex.App.—Texarkana 1982). Rejecting a contrary contention by appellant, the court found evidence sufficient to support the conviction though it did not show "flesh being placed upon flesh." We granted his petition for discretionary review to consider the sufficiency question presented by appellant.

The nub of the problem is that from the summary presented by the court below of testimony from the only witness in the case, see *Donoho v. State*, supra, at 484, it appears that at all times the object of appellant's affection, James Roberson, was fully clothed. But in resisting a motion for in-

1. That denunciation is in terms:

 "(a) A person commits an offense if he knowingly engages in any of the following acts in a public place...
 (2) an act of deviate sexual intercourse;
 ..."

According to pertinent portions of *id.*, § 21.01(1) deviate sexual intercourse means "any contact between any part of the genitals of one person and the mouth ... of another person."

 Also relevant to our consideration is another definition in § 21.01:

 "(2) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

structed verdict the prosecutor argued that "it is not necessary to have actual skin touching in order to have contact," relying on *Resnick v. State,* 574 S.W.2d 558 (Tex.Cr. App.1978). However, as shall be developed, we find the rationale of *Resnick v. State,* supra, inapposite to an act of deviate sexual intercourse.

*Resnick v. State,* supra, construed "touching" within the definition of "sexual contact" prescribed by § 21.01(2)—"any touching ... of any part of the genitals of another person ...," and found that an act of sexual contact was shown by testimony of an undercover police officer that the accused placed his hand on that portion of the officer's trousers which covered his genitals. A divided Court Panel reasoned that since under a dictionary definition "the essence of the act of touching is to perceive by the sense of feeling" and since it is commonly known that "interposition of a layer of fabric between a person's hand and an object upon which that hand is placed will not prevent that person from feeling the object thus concealed," actual "flesh-to-flesh contact" is not a requisite to the act of sexual contact.[2] If it were otherwise, thought the majority, "absurd results would follow." *Resnick,* supra, at 560.

Deviate sexual intercourse, though a more modern term, describes conduct that was formerly denounced by statute in this State as sodomy—omitting now, however, bestiality. Practice Commentary following § 21.01.

Until 1943 in Texas sodomy was committing "the abominable and detestable crime against nature" with mankind or beast. Historical Note following Article 524, P.C. 1925. Then the Legislature stated the of-

fense more specifically in terms of one having "carnal copulation with a beast, or in an opening of the body, except sexual parts, with another human being, or ... [using] his mouth on the sexual parts of another human being for the purpose of having carnal copulation ... shall be guilty of sodomy ...," Article 524, supra.

Soon called upon to interpret the 1943 amendment, in *Furstonburg v. State,* 148 Tex.Cr.R. 638, 190 S.W.2d 362 (1945), the Court found that the amendment was in response to prior holdings that "sodomy between two human beings could only be accomplished through the anus and not through the mouth" and, therefore, it was necessary to construe what was meant by "carnal copulation." Noting an earlier decision equating "carnal knowledge" with sexual intercourse, *Burk v. State,* 8 Tex.App. 336, 342 (Ct.App.1880), and other authorities on the subject, the Court pointed out:

"The term 'carnal copulation' is used interchangeably with the term 'sexual intercourse,' and such phrase appears in the denunciation of the crime of sodomy in a majority of the states of the Union."

Accordingly, the Court concluded an accusation charging an accused "with an unnatural connection with a young girl through the utilization of her mouth" was "such a crime against nature" within contemplation of the amended statute," *id.,* at 363.

*Furstonburg v. State,* supra, was relied on in part when the Court upheld the constitutionality of former Article 524 in *Pruett v. State,* 463 S.W.2d 191 (Tex.Cr. App.1970), and its teachings have never been rejected, but always followed. See, e.g., *Sinclair v. State,* 166 Tex.Cr.R. 167, 311 S.W.2d 824[3] (1958); *Carter v. State,* 506

---

**2.** Thus, though the language of former Article 535d, P.C.1925, was seen to be different from § 21.01(2), the majority opined that the interpretative gloss of *Miles v. State,* 157 Tex.Cr.R. 188, 247 S.W.2d 898 (1952) was still valid: "[T]here is nothing in the statute suggesting that the crime there denounced could be committed only by the application of the bare hand of the accused to the bare or naked sexual part of the child."

**3.** After entering a theater, moving to a seat next to him, putting his arm around and kissing his passive male partner, Sinclair assumed a prone position; the partner unzipped his own pants and Sinclair laid his head in the lap of his partner and then began to move his head up and down. Caught in the act, the partner stood up and zipped his pants; Sinclair looked up, wiped his mouth with his arm and stood up. The Court found circumstantial evidence sufficient to show that Sinclair had violated that part of Article 524 making it an offense "for

S.W.2d 876, 878 (Tex.Cr.App.1974); see also *Ferguson v. State*, 579 S.W.2d 2, 4 (Tex.Cr.App.1979).

Thus the "abominable and detestable crime against nature" was transformed into several forms of "sodomy," and when engaged in by humans came to be called "deviate sexual intercourse." Though defined in simpler terms today the offense has remained substantively the same since the Court began to construe the 1943 amendment. In *Furstonburg v. State*, supra, the offending act was "an unnatural connection with a young girl through the utilization of her mouth," 190 S.W.2d at 363; *Pruett v. State*, supra, spoke of "copulation in the mouth or using the mouth on the person of another," 463 S.W.2d at 196; the gravamen of the charge in *Hohn v. State*, 538 S.W.2d 619 (Tex.Cr.App.1976) was said to be "oral sodomy." See *Ferguson v. State*, supra: "The use of the word 'oral' in connection with a charge of sodomy is not uncommon, even by this Court," 579 S.W.2d at 6. In the vernacular now it is "oral sex."

 Putting aside that part of § 21.01(1) describing a type of buggery, we hold that "any contact between" a part of the genitals of one person and the mouth of another person contemplates, as it has since 1943, either penetration of the mouth by bared genitalia or placing the mouth directly *on* genitalia of another human being. Accordingly, we find that the conduct of appellant in the case at bar did not constitute an act of deviate sexual intercourse within the meaning of §§ 21.07(a)(2) and 21.01(1). Therefore, the evidence is not sufficient to support a conviction for the offense charged and of which appellant was adjudged guilty.[4]

The judgment of the Court of Appeals is reversed; the judgment of the trial court is reversed, the conviction is set aside and a judgment of acquittal is ordered entered.

one to use his mouth *on* the sexual parts of another human being for the purpose of having carnal copulation," penetration of the mouth not being "an essential element of such offense," *id.,* at 825. The Court opined, "There is nothing in *Furstonburg v. State,* [supra,] to the contrary," *ibid.*

The *Sinclair* Court acknowledged that portions of Article 524 did not constitute sodomy under the common law or under the original statutory proscription, but deemed *Slusser v. State,* 155 Tex.Cr.R. 160, 232 S.W.2d 727 (1950) "authority for holding that the doing of the acts prohibited is now punishable as sodomy," *ibid.*

In this connection, we observe that in every case finding evidence sufficient to uphold conviction after *Slusser v. State,* supra, (collected in 34 Texas Digest 351, Sodomy § 6) genitals were bared. None has been found nor called to our attention where mouth contact with genitals covered by fabric or other material was deemed to be sodomy or deviate sexual intercourse.

4. Whether his conduct amounted to an act of sexual contact under the rationale of *Resnick v. State,* supra, is not before the Court. However, we observe that "sexual contact" and its related proscriptions are generally applied to protect against conduct likely to be deemed offensive by the "victim."