**Tommie THOMPSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0895–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 1984.

Terrill L. Flenniken, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, JACK SMITH and BULLOCK, JJ.

DUGGAN, Justice.

Appellant was indicted for aggravated rape and aggravated sexual abuse in a two-count indictment, enhanced by two prior felony convictions. The jury was charged only on aggravated sexual abuse

and sexual abuse; it found him guilty on the lesser included offense of sexual abuse. Tex.Penal Code Ann. § 21.04(a)(1) (Vernon 1974) (current version at Act of June 19, 1983, ch. 977, §§ 3, 12, 1983 Tex.Sess.Laws Serv. 5312–13, 5321 (Vernon)). The court found the enhancement allegations to be true and assessed appellant's punishment at the mandatory life imprisonment.

Sometime after midnight of May 31, 1982, appellant woke his eighteen-year-old stepdaughter, the complainant, and told her to get up because he wanted her to go with him to take two of his friends home. The complainant's mother offered to go along also, but appellant started the van and drove off without her. Appellant delivered his friends, apparently intoxicated, to their residences and then drove to a park near the family's apartment. He told the complainant to get into the back of the van and compelled her to have sexual intercourse and oral sex with him. The complainant testified there was no ejaculation. She returned with appellant to the apartment and accompanied her mother to work under the guise of having a job interview. She then told her mother what had happened; they contacted the police and went to the hospital as instructed. The examining physician found nothing that would confirm or disprove the complainant's claim of rape and sexual abuse.

Appellant's first three grounds of error allege fundamental error in the jury charge on deviate sexual intercourse. The indictment reads, in pertinent part, that appellant

> did ... have deviate sexual intercourse with the Complainant *by placing his penis in the mouth of the complainant* ....

(Emphasis supplied.) In applying the law to the facts, the court's charge to the jury authorized conviction for aggravated sexual abuse or sexual abuse if the jury believed that appellant

> ... engage[d] in deviate sexual intercourse ... *by ... compelling [Complainant] to ... place her mouth in

> contact with the male organ of the defendant* ....

(Emphasis supplied.) Appellant urges that, since the State alleged a specific type of deviate sexual intercourse (placing his penis in the mouth of the complainant), it was essential that the jury be required to find that specific type of contact. Appellant argues that the charge, as submitted, (1) enlarged on the allegation of the indictment by authorizing conviction for a type of deviate sexual intercourse not alleged; (2) substituted a different theory of deviate sexual intercourse for the specific theory alleged; and (3) omitted an allegation required to be proved, i.e., the specific type of deviate sexual intercourse alleged.

■ Section 21.01(1) of the Penal Code defines "deviate sexual intercourse," in pertinent part, as

> (a) any contact between any part of the genitals of one person and the mouth or anus of another person; ...

Each of appellant's three grounds of error assumes that placing a penis *in* a mouth is a different act from placing a mouth in *contact with* a penis. We disagree. Appellant's reasoning appears to assume that the words "mouth" and "lips" are synonymous. Since the mouth is a cavity, contact between a mouth and a penis can be accomplished only by placing the penis in the mouth. In other words, a jury finding that appellant compelled the complainant to place her mouth in contact with appellant's male sex organ is not at variance with the indictment's allegation that he placed his penis in her mouth.

Appellant cites the language of *Donoho v. State*, 643 S.W.2d 698, 700 (Tex.Cr.App. 1982), stating

> we hold that any contact between a part of the genitals of one person and the mouth of another person contemplates, as it has since 1943, *either* penetration of the mouth by bared genitalia *or* placing the mouth directly on genitalia of another human being.

(Emphasis added.) He suggests that the Texas Court of Criminal Appeals thereby recognizes that there are alternate means

of accomplishing "any contact between" the mouth of one person and the genitalia of another, and that the State is bound to prove the means alleged.

While the quoted *Donoho* language suggests that the court was thinking of the word *mouth* as synonymous with *lips*, it did not say so. Further, we agree with the State that the quoted language in *Donoho* was dicta. The issue before the *Donoho* court was whether an offense was committed under Section 21.07(a)(2) when a man's mouth touched the fabric of trousers covering the genitalia of another man in a public place. The court held that no offense occurred because deviate sexual intercourse requires flesh against flesh, not fabric.

Appellant's first, second, and third grounds of error are overruled.

■ Appellant's fourth ground of error complains of the trial court's failure to include the statutory definition of deviate sexual intercourse in the jury charge, even though no request was made to include the abstract definition prior to its submission to the jury. There is no reversible error. The application paragraph of the charge, as worded, required the jury to find every factual element alleged in the indictment, including the proscribed conduct. *See Olveda v. State*, 650 S.W.2d 408, 410 (Tex. Cr.App.1983) (concurring opinion).

The fifth ground of error attacks the trial court's admission, over appellant's hearsay objection, of testimony by the examining physician that the complainant told him she had been sexually assaulted by the appellant. Appellant also now complains that the State was permitted, by introducing such hearsay evidence, to bolster the testimony of the complaining witness.

■ In *Keeton v. State*, 190 S.W.2d 820 (Tex.Cr.App.1945), cited by appellant, the court observed, in dicta, that a victim's statement to an examining physician that she had been raped was hearsay and bolstered the victim's testimony. We agree with the State that the applicable rule of evidence is stated in *Anzaldua v. State*, 502 S.W.2d 19, 22 (Tex.Cr.App.1973), where the complainant's attorney testified that he had instructed his office staff to draw up a restraining order and injunction against the defendant. The court concluded that, assuming the attorney's statement was hearsay,

the vice of hearsay is not present. The party making the statement out of court repeated the statement in open court under the sanctity of oath and was subject to cross-examination. Furthermore, the jury had the opportunity to observe the demeanor of the witness while he was testifying.

*Id.* at 22. As in *Keeton*, the complainant (who made the out-of-court statement) was in court, had testified on direct and cross-examination, and was available for further examination—all before a jury capable of observing her demeanor while testifying. Assuming, without deciding, that the doctor's testimony was hearsay, we hold that it was harmless.

■ Apart from his neutral testimony that his examination showed nothing to confirm or disprove that the complainant had been raped, he simply repeated the complainant's testimony that she told him that she had been assaulted, raped and sexually abused. While such testimony could be considered bolstering, no such objection was made, and that complaint is therefore not preserved for review. *Vaughn v. State*, 530 S.W.2d 558, 562 (Tex. Cr.App.1976). No reversible error is shown, and appellant's fifth ground of error is overruled.

During the punishment phase of the trial before the court, the State offered into evidence and obtained admission of two "pen packets" labeled State's Exhibit No. 1 and State's Exhibit No. 2. Defense counsel objected, before admission of the packets, to material in the second exhibit regarding a motion to revoke probation. While the trial court did remove some material, the packet admitted still contained a combined Order Revoking Probation and Sentence, the first page of which recites that appellant violated the terms of his probation by

committing the offenses of burglary, carrying a prohibited weapon, and rape.

 The error claimed by appellant in admitting allegations of extraneous offenses was harmless since the trial court, rather than the jury, assessed punishment and is presumed to have disregarded inadmissible evidence. *Hernandez v. State,* 556 S.W.2d 337, 342 (Tex.Cr.App.1977); *Komurke v. State,* 562 S.W.2d 230, 235 (Tex. Cr.App.1978). Moreover, two prior felony convictions having been alleged and proved, the length of appellant's sentence was statutorily determined at life imprisonment and could not have been affected by evidence of other crimes. *See Watson v. State,* 605 S.W.2d 877, 886 (Tex.Cr.App. 1980); *Cleveland v. State,* 588 S.W.2d 942, 945 (Tex.Cr.App.1979). Appellant's sixth ground of error is overruled.

The judgment is affirmed.