NO. 07-05-0427-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2006

_____

JAMES R. DEHART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404153; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant James R. Dehart was convicted by a jury of three counts of indecency with a child and punishment was assessed at ten years confinement. By two issues, appellant challenges the legal and factual sufficiency of the

evidence to support his conviction. By his third and final issue, he alleges the trial court abused its discretion in admitting five photographs of S.B., the victim. We affirm.

According to the evidence, S.B., appellant's niece, frequently stayed with him and her aunt while her mother was working. They were parent-like figures to her. At one time, appellant, S.B.'s aunt, and their daughter lived with S.B. and her mother. On another occasion, appellant and his family resided at a group home that was operated by S.B.'s grandmother and where S.B. spent much time. It was not unusual for S.B. to stay the night with appellant and his family.

In February 2003, when S.B. was approximately ten years old, her mother became concerned about her grades, weight gain, and depression and sought counseling for her. In late March 2003, S.B. outcried to her counselor that appellant had molested her when she was very young. As the counseling sessions continued, S.B. revealed two more recent incidents of inappropriate sexual contact. The proper authorities were contacted, S.B. was given a sexual assault exam, and a forensic interview was conducted.

S.B. testified that whenever she spent the night at appellant's, if there was not a bedroom available, she would sleep on the couch. She further testified that the first instance of abuse occurred when she was four or five years old. She testified she was taking a nap in appellant's bedroom when he came in and laid down beside her, put his hand in her pants, rubbed her vagina, then left without speaking. According to S.B., when she was ten or eleven, appellant again put his hand in her pants and rubbed her vagina

2

while she was laying on the couch. She turned to her side and pulled away, and appellant left.

The third incident occurred around the Thanksgiving holiday in 2002, while appellant and his family were living at the grandmother's group home. S.B.'s grandmother had suffered a stroke and was in the hospital. S.B. was on the couch watching television on the night of the incident when appellant came in complaining of a toothache. S.B. excused herself several times to go to the bathroom hoping appellant would leave. He remained, and she decided to try to sleep on the couch. He tried to put his hand inside her pants, but she turned away, and he returned to his bedroom.

Appellant later returned to the living room and asked S.B. why she was not sleeping in her grandmother's bedroom. She answered that she was too tired. He left, returned later, and carried her to her grandmother's bed. After he left, S.B. got out of bed and turned on the television and light. Shortly after, appellant re-entered the bedroom and turned off the television, after which S.B. got out of bed and turned it on again and closed the bedroom door. At approximately 3:00 a.m., appellant returned, stood by the bed, and asked what she was watching. He reached into her pants and began rubbing her vagina with his fingers. As she turned and pulled away, she expressed that she was uncomfortable with what he was doing. He left the bedroom.

By his first two issues, appellant maintains the evidence is legally and factually insufficient to support his conviction. We disagree. When both the legal and factual

3

sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001).  In measuring the legal sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997).  This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review.  *Clewis*, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  We must determine after considering all the evidence in a neutral light, whether the jury was

4

rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson*, 23 S.W.3d at 8.

Appellant was charged with three counts of indecency with a child requiring the State to prove he intentionally engaged in sexual contact by touching the genitals of S.B., while she was under age 17 and not his spouse, with the intent to arouse and gratify the sexual desire of any person. *See* Tex. Pen. Code Ann. § 21.22(c). Intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex.Cr.App. [Panel Op.] 1981).

Although appellant argues there is no testimony to support his conviction, he focuses his argument on the element of intent. He contends that three incidents over an eight-year period do not constitute a pattern. Testimony of similar acts, however, is admissible as tending to prove intent. *See* Ferguson v. State, 579 S.W.2d 2, 4 (Tex.Cr.App. 1979). S.B. testified that appellant put his hand in her pants and rubbed her vaginal area with his fingers on three separate occasions. Although she testified that he never said anything and always left when she pulled away, an oral expression of intent is not required to prove arousal or gratification. *See* Tyler v. State, 950 S.W.2d 787, 789

5

(Tex.App.–Fort Worth 1997, no pet.). S.B.'s testimony of appellant's conduct on three similar occurrences is sufficient to infer intent. *Id.*

To support his factual insufficiency argument, he asserts S.B. informed her counselor that he only attempted to put his hand in her pants and that on one occasion S.B. admitted to her counselor that nothing happened between them. He also points out inconsistencies during S.B.'s forensic interview. He contends the inconsistencies render the evidence insufficient to support his conviction.

The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *See* Perez v. State, 113 S.W.3d 819, 838 (Tex.App.–Austin 2003, pet. ref'd). Additionally, evidence is not rendered insufficient when conflicting evidence is presented. Matchett v. State, 941 S.W.2d 922, 936 (Tex.Cr.App. 1996) (en banc), *cert denied*, 521 U.S. 1107, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997). It is the province of the jury to resolve conflicts or inconsistencies in the evidence. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982) (en banc); Hitt v. State, 53 S.W.3d 697, 709 (Tex.App.–Austin 2001, pet. ref'd). Additionally, as the judge of the credibility of the witnesses, the jury can believe all, some, or none of the testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex.Cr.App. 1991) (en banc).

In addition to S.B.'s testimony of the three incidents detailed above, the forensic interviewer testified that S.B. circled the vagina on a drawing to indicate where appellant had inappropriately touched her. The nurse who conducted a sexual assault exam on S.B.

6

testified that S.B. had a healed tear on her hymen consistent with having the area rubbed with fingers. There was no indication the injury could have been caused by non-sexual contact. We conclude the evidence presented is legally and factually sufficient to support appellant's conviction. Issues one and two are overruled.

By his third issue, appellant maintains the trial court abused its discretion in admitting, over his objections, State's Exhibits 4 through 8, which are photographs depicting S.B. at different ages. We agree. We recognize that admissibility of photographs is within the sound discretion of the trial court. Rayford v. State, 125 S.W.3d 521, 529 (Tex.Cr.App. 2003), *cert. denied*, 543 U.S. 823, 125 S.Ct. 39, 160 L.Ed.2d 35 (2004). The trial court does not abuse its discretion unless it acts arbitrarily and unreasonably, without reference to any guiding rules and principles. Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the zone of reasonable disagreement, there is no abuse of discretion and the trial court's ruling will be upheld. *See* Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996). But, if it cannot be concluded from common, reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and was an abuse of discretion. *Id*.

S.B.'s mother testified at trial that she became concerned when S.B.'s grades dropped, and she became withdrawn and gained weight. She testified to five photographs

7

depicting different stages of S.B.'s growth from ages four or five through eleven. The photographs are portrait type and portray S.B. in a soccer uniform and casual apparel. When the State offered the photographs for admission into evidence, defense counsel objected under Rules 401, 402, and 403 of the Texas Rules of Evidence. Following the State's argument that the photographs showed S.B.'s weight gain and the differences in her appearance from the time the allegations began to the present, the trial court overruled the objections.

On appeal, appellant limits his argument to the relevancy of the photographs under Rule 401. He argues the photographs depicting S.B. as a child over a span of approximately eight years show normal growth. He further argues that under the definition of relevance, *i.e.*, evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, the photographs should not have been admitted. He contends S.B.'s weight gain is not supported by the photographs because they were all taken prior to the time S.B. made her outcry in 2003, when she was almost 12 years old.

The State responds that the photographs were admitted to show S.B.'s weight gain and maturity which were "signs and symptoms" triggering her mother's concern. The State also notes that evidence was presented that S.B. was larger than an average child her age. No evidence, however, was presented that S.B.'s weight gain was relevant to the allegations of sexual abuse. We agree with appellant that S.B.'s size or weight gain was

not relevant to a determination that he committed the charged offense. Thus, we conclude the trial court abused its discretion in admitting State's Exhibits 4 through 8 into evidence.

Our conclusion requires us to determine whether appellant was harmed by the trial court's error. A violation of an evidentiary rule that results in the erroneous admission of evidence is not constitutional error. Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). When non-constitutional error is made during trial, it will be disregarded as harmless if the error did not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). A substantial right is not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998).

Appellant argues the admission of the photographs had a substantial influence in the outcome of the trial because it was the only consistent evidence the jury could have used to convict him. We disagree. S.B. testified that appellant had inappropriate sexual contact with her on three different occasions beginning at a very young age. She discussed the three incidents during a forensic interview and indicated on a drawing that appellant had touched her vaginal area. Medical evidence demonstrated that a healed tear to S.B.'s vaginal area was consistent with sexual abuse. Having examined the record as a whole and finding the evidence sufficient to support appellant's conviction, we conclude

9

the trial court's erroneous admission of S.B.'s photographs was harmless. Issue three is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.