David MEYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-86-466-CR.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1987.

Rehearing Denied Aug. 28, 1987.

Donald Stowe, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION ·

DORSEY, Justice.

This is an appeal from a conviction for the offense of aggravated sexual assault, for which punishment was assessed at eight years' confinement in the Texas Department of Corrections. We affirm.

By his first point of error, appellant complains that the evidence is insufficient to support the conviction in that there is no evidence that the victim was not his spouse. The indictment charged appellant with sexual assault on L.O., a female child, younger than 17 years of age. A child is defined in the Penal Code as a person younger than 17 years of age who is not the spouse of the actor. Tex.Penal Code Ann. § 22.011(c) (Vernon Supp.1987).

█ In order for the evidence to be sufficient to sustain the conviction, it is necessary that there be evidence that the victim was not the spouse of the appellant. We have carefully reviewed the record, and although we find no direct evidence that the victim was not the spouse of the appellant, there is circumstantial evidence. Circumstantial evidence may be used to prove an element of an offense. *Wilson v. State*, 654 S.W.2d 465, 467 (Tex.Crim.App.1983).

█ The standard for reviewing the sufficiency of the evidence is the same for direct and circumstantial evidence cases. The appellate court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983). The evidence must be viewed in the light most favorable to the prosecution. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984). If the evidence supports an inference other than the guilt of the accused, a finding of guilt beyond a reasonable doubt is not a rational finding. *Wilson v. State*, 654 S.W.2d at 472.

█ Consequently, we will review the evidence pertinent to the appellant's relationship with the victim to determine whether it supports an inference other than that the victim was not the spouse of appellant, Mr. Meyers.

Appellant and the victim's mother, Denise Molden, lived together for five or six years prior to the offense. Two children were born of this union and lived with appellant and Ms. Molden, along with the victim, a child of Ms. Molden by a prior relationship. A niece of appellant testified that around the time of the offense appellant, Ms. Molden and the children lived with her and her family at two locations in Corpus Christi. At one address appellant and Ms. Molden shared a garage apartment with their two children, while L.O. slept in a bedroom in the main house with other girls of the hosts' family. At another address appellant and Ms. Molden slept together in one bedroom and L.O. slept with the daughter of the hosts in the same room. In El Paso, prior to their moving to Corpus Christi, the sleeping arrangements were similar in that appellant and Ms. Molden shared a bedroom and the children, including the victim, shared another.

Appellant testified that he had asked Ms. Molden to marry him but she had refused. He was considered to be the victim's stepfather by relatives, and he said he helped raise her, treated her like the other children, and tried to be a father figure to her. The record is replete with evidence that this was a family unit with appellant and Ms. Molden as the parents. There is no evidence to suggest that L.O. occupied any position other than that of a child or stepchild to the appellant.

Although the State has the burden to prove every element of the offense, the appellate court will review the evidence in the light most favorable to, or consistent with, the verdict of guilt. We cannot say

that the evidence supports any inference other than that the victim was not the spouse of the appellant. *See Ferguson v. State*, 579 S.W.2d 2, 7 (Tex.Crim.App.1979); *see also Broach v. State*, 700 S.W.2d 624, 625 (Tex.App.—Eastland 1985, no pet.). Appellant's first point of error is overruled.

By his second point of error, appellant assails the court's charge as allowing the jury to consider the marital status of the complaining witness and appellant as being established when there is no proof at trial of the existence or nonexistence of a marital relationship. Appellant made no objections to the court's charge.

■ By failing to object, a defendant waives all but the most egregious error in the charge to the jury. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). We have reviewed the charge and find that it properly instructs the jury on the applicable law and thus was not in error. Whether or not appellant was the spouse of the victim was not a contested issue at trial. The defensive theory developed both by evidence and argument was that the victim fabricated the event because she harbored great resentment towards appellant due to his attempts to discipline her although he was not her father. Appellant's second point of error is overruled.

By his third point of error appellant complains of the admission of evidence of extraneous offenses, i.e., sexual abuse of L.O. on prior occasions by appellant.

■ The general rule is that an accused may not be tried for a collateral crime or for being a criminal generally. This rule prevents the admission of an extraneous offense unless an exception to the rule applies. *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1983). An exception permits the admission of evidence of similar sexual assaults on the minor complainant by the accused in order to shed light upon the charged act by showing the relation and mutual disposition of the parties, as well as to make the child's accusation more plausible. *Boutwell v. State*, 719 S.W.2d 164, 176 (Tex.Crim.App.1985); *Smith v. State*, 719 S.W.2d 402, 403 (Tex. App.—Houston [1st Dist.] 1986, no pet.).

"Such evidence tends to make the complainant's allegation more credible and more probable. Thus, the extraneous acts are more probative than prejudicial in this context." *Boutwell v. State*, 719 S.W.2d at 176. Accordingly, appellant's third point of error is overruled.

Appellant's fourth point of error assails the sufficiency of the evidence to support the conviction due to the State's alleged failure to prove (1) that the offense occurred on or about August 25, 1986, as alleged in the indictment, and (2) that appellant penetrated the vagina of L.O. with his fingers.

■ As to the penetration, the victim testified as follows: [By the State]

Q: Now, about a week before you ran out of your house, did David Meyers [sic] do anything to you?

A: Yes, sir.

Q: What did he do?

A: He used his fingers to penetrate my vagina, I think, I don't remember very much, sir.

Q: Okay, did something go in your vagina?

A: Yes, sir.

Q: And you think it was his fingers?

A: Yes, sir.

From this testimony, the jury could conclude that appellant penetrated the vagina of L.O. with his fingers as alleged in the indictment.

■ The law is settled that the State is not strictly bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged if the date proved is a date anterior to presentment of the indictment and not so remote as to be barred by limitations. *Clark v. State*, 590 S.W.2d 512 (Tex.Crim. App.1979); *Rushton v. State*, 695 S.W.2d 591, 593 (Tex.App.—Corpus Christi 1985, no pet.); Tex.Crim.Proc.Code Ann. § 21.-02(6) (Vernon 1966). The testimony of L.O. revealed that appellant committed the charged offense one week before she ran out of her house to a neighbor for help. She testified that she ran to the neighbor

on August 25, 1986. Therefore, the evidence established that the offense was committed one week prior to the date charged in the indictment. This was sufficient.

Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.