Terry Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00703–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 1991.

Perry N. Bass, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson and Kelly Siegler, Asst. Harris County Dist. Attys., for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

DUNN, Justice.

Appellant was convicted by a jury of two counts of aggravated sexual assault, and the trial court assessed appellant's punishment at confinement for 10 years.

In seven points of error, appellant complains of the sufficiency of the evidence and of the trial court's action in admitting hearsay. We affirm.

The indictment states that on August 2, 1989, Terry Lee Jones intentionally and knowingly caused the sexual organ of the complainant, a person younger than 14 years of age and not his spouse, to contact his sexual organ. The indictment further charges that on August 20, 1989, Terry Lee Jones intentionally and knowingly caused the anus of the complainant, a person younger than 14 years and not his spouse, to contact his sexual organ and caused the penetration of the female sexual organ of the complainant by placing his finger in her female sexual organ.

Appellant's first, second, third, and fourth points of error claim that the evidence was legally and factually insufficient to support appellant's conviction for aggravated sexual assault, where the evidence failed to show that appellant was not married to the complainant. Appellant was charged with aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.-021(a)(1)(B) (Vernon 1974). Appellant notes that, under sections 22.021(b) and 22.011(c)(1) of the Texas Penal Code, a child is defined as a person under the age of 17 who is not the spouse of the actor.

In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Jordan–Maier v. State,* 792 S.W.2d 188, 190 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The burden of proof to prove the essential elements of the crime, beyond a reasonable doubt, is on the State. *Johnson v. State,* 673 S.W.2d 190, 194 (Tex.Crim.App.1984).

Appellant urges this Court to apply the standard of review set forth in the case of *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim. App.1990). We decline to do so.

The *Meraz* standard applies only to situations in which the burden of proof is by a preponderance of the evidence. The *Meraz* case involved the sufficiency of an incompetency claim, which a defendant has the burden to prove by a preponderence of the evidence. TEX.CODE CRIM.P.ANN. art. 46.02, § 1(b) (Vernon 1979). Regarding the "against the great weight and preponderance" standard, the Court of Criminal Appeals limited its application, as follows:

> [W]hen the courts of appeals are called upon to exercise their fact jurisdiction, that is, examine whether the appellant proved his affirmative defense or other

fact issue where the law has designated that the defendant has the burden of proof by a preponderance of evidence, the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust.

*Meraz*, 785 S.W.2d at 154–55. The appellant in this case had no burden of proof on any of the issues. Thus, the standard of review set forth in *Meraz* is inapplicable to the facts of this case. *See Hunter v. State*, 799 S.W.2d 356, 358–59 (Tex.App.—Houston [14th Dist] 1990, no pet.).

The mother of the complainant testified that her daughter is less than 14 years old and that appellant is the complainant's father. The State offered an agreement of legitimation, signed by appellant, that indicates that appellant acknowledged that he is the father of the complainant and that her birthdate is September 21, 1982.

■ The complainant testified at trial that she was seven years old and was the daughter of appellant.

We find this evidence sufficient to support the jury's verdict. *See, e.g., Jiminez v. State*, 364 S.W.2d 396, 397 (Tex.Crim. App.1963). Appellant's contention has no basis in fact or in law. Section 1.52 of the Texas Family Code addresses marriage of an applicant under the age of 18. Indeed, the section makes no provision for marriage of individuals who are under the age of 14. TEX.FAM.CODE ANN. § 1.52 (Vernon Supp.1991). We overrule points of error one, two, three, and four.

In his fifth point of error, appellant claims that the evidence was insufficient to support appellant's conviction for aggravated sexual assault under the second count of the indictment, where the record fails to show that the appellant penetrated or contacted the complainant as alleged in the indictment.

The grand jury returned a two count indictment against appellant. The second count alleged three separate legal theories of aggravated sexual assault: (1) the appellant contacted the complainant's anus with his sexual organ; (2) penetrated the complainant's vagina with his finger; and (3) penetrated the mouth of the complainant with his sexual organ. TEX.PENAL CODE ANN. §§ 22.011(a)(2)(A), (B), 22.021(a)(2)(B) (Vernon 1974 & Supp.1991). The court authorized the jury to convict appellant under the first two theories. The jury returned a general verdict of guilty on count two.

At trial, the complainant testified that she calls a man's penis his "private." She calls her vagina her "toot toot" or her "private"; she calls her anus her "butt" or her "bootie." The complainant then identified the vagina and the anus on a doll as its "toot toot" and its "butt." The complainant testified that she was lying down sideways on the floor, watching television, when her father came and lay down beside her on the floor. He pulled the zipper on her short suit down all the way and put his hand down her panties. The complainant then stated that her father touched her private with his whole hand. She took his hand out and zipped her clothes. Her father then unzipped her clothes again and "stuck it back in there."

The complainant also testified that after this incident, her father next touched her with his fingers on her butt. She turned over on her stomach and her father "got on my legs." Her father was "close" to her "bootie" and put his hand under her "butt." The prosecutor asked the complainant to indicate with a male doll and a female doll what took place. The complainant positioned the male doll to sit on top of the female doll, with its legs spread open, up to the anus of the female doll. Her father then put his "private part" up the leg opening in her shorts. The complainant stated that it felt "wet."

■ The testimony of a sexual assault victim alone is sufficient evidence of penetration, even if the victim is a child using unsophisticated language to describe the act. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App.1978); *Villanueva v. State*, 703 S.W.2d 244, 245 (Tex.App.—Corpus Christi 1987, no pet.). The Texas Court of

Criminal Appeals expressed the public policy considerations as follows:

> We cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults. To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution.

*Villalon v. State,* 791 S.W.2d 130, 134 (Tex.Crim.App.1990).

In the *Villalon* case, the Court of Criminal Appeals concluded: "[T]he rule in this jurisdiction [is] that penetration may be proven by circumstantial evidence." *Id.* at 133. Viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support appellant's conviction, in that a rational factfinder could have found that the State established the essential elements of the crime beyond a reasonable doubt. *Jordan–Maier,* 792 S.W.2d at 190; *Lee v. State,* 779 S.W.2d 913, 915 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). We overrule point of error five.

Appellant's sixth point of error asserts that the trial court committed reversible error in admitting the testimony of the complainant's mother concerning what the complainant told her about the alleged offense, where the State failed to lay a proper predicate for any exception to the rule against hearsay.

■ Evidence of a victim's outcry is admissible under article 38.072 of the Texas Code of Criminal Procedure. This article is applicable to a proceeding in the prosecution of an offense under chapter 22 of the Texas Penal Code, if committed against a child 12 years of age or younger. Statements that describe the alleged offense are admisible if they were (1) made by the child against whom the offense was allegedly committed and were made (2) to the first person, 18 years of age or older, to whom the child made a statement about the offense. Article 38.072, section 2(b) provides:

A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

Tex.Code Crim.P.Ann. art. 38.072 (Vernon Supp.1991).

Our review of the record indicates that the State substantially complied with the statutory predicate. On March 2, 1990, the State filed its notice of intention to use the child abuse victim's hearsay statement. The mother's name and a summary of her statement were included in the notice. The complainant testified at trial. The record does not indicate that the judge held a hearing to determine the reliability of the statement.

■ The record indicates that appellant's attorney objected at the time the testimony was offered on the basis of "hearsay." The State did not request a hearing, nor did counsel for appellant object that the statutory predicate had not been fulfilled. Thus, nothing is presented for review because the complaint on appeal—no proper predicate—differs from the trial objection—hearsay. *Weaver v. State,* 722 S.W.2d 143, 146 (Tex.App.—Houston [1st Dist.] 1986, no pet.); Tex.R.App.P. 52(a). Point of error six is overruled.

■ In point of error seven, appellant contends that the trial court committed reversible error in allowing the complainant's

mother to testify about statements made by the complainant after her "outcry." These statements were offered to show that the complainant did not tell her mother about the first alleged offense immediately after it happened because the complainant loved her father and didn't want to hurt him.

Counsel for appellant objected to this testimony as hearsay. The court overruled the objection. We do not find that the admission of the mother's testimony that the complainant said she loved her father and did not want to hurt him was a clear abuse of discretion. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986). Though these statements do not "describe the alleged offense," TEX.CODE CRIM.P.ANN. art. 38.072, § 2(a) (Vernon Supp.1991), the testimony is closely related in time and scope to the offenses and was relevant to show the state of mind of the complainant. We overrule appellant's seventh point of error.

The judgment of the trial court is affirmed.