NUMBER 13-02-366-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


NICOLAS ORTIZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 117th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Yañez


 


Following a conviction for the aggravated sexual assault of a child, Nicolas Ortiz
appeals his sentence of 25 years imprisonment and a fine of $10,000. Appellant contends: 
(1) the evidence introduced at trial was legally insufficient; and (2) the punishment
assessed by the trial court during the sentencing phase of the trial was cruel and unusual. 
We affirm.

Standard of Review

Where the legal sufficiency of the evidence is in question, the appellate court's
standard of review is: whether, after viewing the evidence in a light most favorable to the
State, a rational trier of fact could conclude that the accused did in fact complete all the
essential elements of a crime beyond a reasonable doubt. Meyers v. State, 737 S.W.2d.
6, 8 (Tex. App.--Corpus Christi 1987, no pet.); see also Tisdale v. State, 686 S.W.2d 110,
114 ( Tex. Crim. App. 1985) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This
applies to cases involving either circumstantial or direct evidence. Meyers, 737 S.W.2d at
8. Here, appellant was convicted of aggravated sexual assault of a child. Thus, the State
had to prove that appellant (1) intentionally and knowingly caused the penetration of the
anus or female sex organ of a child by any means, and (2) that the victim was younger
than fourteen years of age. Tex. Pen. Code Ann. § 22.021 (Vernon 2003). The penal code
defines a child as one who is not the spouse of the actor. Id. at § 22.011.

Analysis

By his first point of error, appellant contends the State failed to prove that he
actually penetrated the female sex organ of the victim. Appellant argues that because
there was not enough trauma to the hymen to cause an actual rupture of the hymen, the
State failed to prove penetration. Appellant cites Sherbert v. State, 531 S.W.2d 636 (Tex.
Crim. App. 1976), to support his argument that there must be no reasonable doubt with
regard to the element of penetration in a case such as this. However, the Sherbert Court
held that "any penetration, no matter how slight" is enough to prove the penetration
element of a sexual assault of a child, provided that it is proven beyond a reasonable
doubt. Id. at 637. 

 Lack of proof of penetration due to an intact hymen was addressed directly in
Martinez v. State, 662 S.W.2d 393, 395 (Tex. App.--Corpus Christi 1983, pet. ref'd). In
that case, this Court held that the State must show there was sexual intercourse in order
to prove rape. Id. at 395. This Court further held that "penetration between the labia of the
female's private parts by the male sexual organ is sufficient, although the vagina was not
entered." Id. 

Appellant correctly points out that the State must prove all the elements of the
offense beyond a reasonable doubt. The State presented testimony from a sexual assault
nurse examiner (S.A.N.E.), complete with medical records, which described a degree of
redness, tenderness, and trauma on the victim's vagina consistent with the level of sexual
abuse recounted by the victim to the S.A.N.E. nurse.

The State then presented the testimony of the victim, which confirmed the testimony
of the nurse and a child advocacy counselor. "The testimony of a sexual assault victim
alone is sufficient evidence of penetration to support a conviction. This is true even where
the victim is a child." Villanueva v. State, 703 S.W.2d 244, 245 (Tex. App.--Corpus Christi
1985, no pet.) (citing Gonzales, 647 S.W.2d at 371); see Tex Code Crim. Proc. Ann. art.
38.07 (Vernon Supp. 2003). The fact that the victim used words such as "thingy" in
reference to her father's penis, or "private" in reference to her own vagina is
inconsequential. The victim's's terminology need not be precise in describing what
happened to her, and she is not expected to be able to express herself at the same level
of sophistication as an adult. See Villalon v. State, 791 S.W.2d 130, 133-34 (Tex. Crim.
App. 1990) (emphasizing that penetration may be proven by the prosecution through the
use of circumstantial evidence) (citing Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim.
App. 1972)). Considering the evidence described above, the State provided sufficient
evidence to support the conviction of appellant. 

 In his first point of error, appellant also contends that the State failed to prove during
trial that the victim was not his spouse. The State replies that the victim's age and her and
the family's good-faith belief that the victim and appellant were father and daughter at the
time of the offense constitute sufficient evidence that the victim was not appellant's spouse.

 For a person to be able to marry under the age of eighteen, the person must be a
minimum of fourteen years of age and have a parent's consent to do so. Tex. Fam. Code 
Ann. § 2.102 (Vernon 1998). The victim does not qualify in either category, as she was six
years old at the time of the offense. There is also a presumption that if a child is of "tender
years," the child could not be married. See Chavez v. State, 508 S.W.2d 384, 386-87,
(Tex. Crim. App. 1974); Brown v. State, 112 Tex. Crim. 92, 14 S.W.2d 63, 67 (1929). The
fact that the victim was six years old at the time of the offense, and seven years old at the
time of the trial, constitutes enough evidence to trigger the legal presumption that she could
not have been appellant's spouse. Although there was no direct evidence that the victim
was not appellant's spouse, "circumstantial evidence may be used to prove an element of
an offense." Meyers v. State, 737 S.W.2d 6, 8 (Tex. App--Corpus Christi 1987, no pet.)
(citing Wilson v. State, 654 S.W.2d 465, 467 (Tex. Crim. App. 1983)).

That the victim, her family, and appellant believed that there was a father/daughter
relationship between victim and appellant is also a relevant matter. In Texas, one is not
able to get a marriage license if either of the parties to the marriage is an ancestor to the
other. Tex. Fam. Code. Ann. § 2.004 (Vernon 1998) (describing marriage application form). 
Therefore, it would have been a legal impossibility for the victim to marry the man that she
and the rest of the family believed was her father at the time.

We have considered both of appellant's arguments within his first point of error, and
the point of error is overruled. 

By his second point of error, appellant contends his sentence was "cruel and
unusual," in that it is disproportionate to the severity of the crime for which appellant was
convicted. Appellant asserts that his rights under the Eighth and Fourteenth Amendments
to the United States Constitution were violated by the trial court when it imposed a 25-year
prison sentence on appellant. The crux of appellant's argument is that it is within the 
court's discretion to consider the proportionality of the sentence imposed, and also to
review the sentence to make sure that it passes constitutional "muster."

Appellant is raising this issue for the first time on appeal. In order to bring such a
complaint, appellant must have objected to the sentence at trial, Tex R. App. P. 33.1; see
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996), but the trial record
indicates that he failed to do so. Because appellant failed to object in a timely manner at
sentencing, appellant did not preserve the issue on appeal. See Cavazos v. State, 904
S.W.2d 744, 748 (Tex. App.--Corpus Christi 1995, pet. ref'd). Accordingly, appellant has
waived his complaint that his sentence was cruel and unusual.

Even if appellant had properly preserved this point of error on appeal, the sentence
is not cruel and unusual. As long as a punishment falls under the proper limits of the
statute that governs it, a disproportionality challenge mounted against that punishment
cannot succeed. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
Appellant was convicted of aggravated sexual assault of a child, a first degree felony that
carries with it a penalty between five and 99 years imprisonment. Tex. Pen. Code Ann. §
12.32(a); 22.021(d) (Vernon 2003). As appellant's sentence was 25 years imprisonment,
well within the 99-year limit, appellant's punishment is not prohibited as cruel and unusual.

Despite the fact that appellant did not properly preserve this point of error on appeal,
appellant has asked this Court to perform a Solem test to determine if his sentence is
proportional to his crime and does not fall foul of the Eighth Amendment to the United
States Constitution. See Solem v. Helm, 463 U.S. 277, 292 (1983). The Solem test
consists of three prongs: (1) the gravity of the offense and the harshness of the penalty;
(2) the sentences imposed on other criminals in the same jurisdiction; and (3) the
sentences imposed for commission of the same crime in other jurisdictions. Id. "However
a strict application of the Solem test has been questioned since the Supreme Court
rendered its opinion in Harmelin v. Michigan, 501 U.S. 957 (1991)." Sullivan v. State, 975
S.W.2d 755, 757 (Tex. App.--Corpus Christi 1998, no pet.). "The Fifth Circuit Court of
Appeals, in interpreting Harmelin, first reviews the sentence to determine whether it is
grossly disproportionate to the crime." Id. (citing McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir. 1992)). "Only if the court finds the sentence grossly disproportionate will it then
consider the remaining factors of the Solem test." Id. (citing McGruder, 954 F.2d at 316).

Assuming, without deciding, the viability of a proportionality review, application of
either test leads us to the conclusion that appellant's sentence was not grossly
disproportionate to the offense he committed. Id. Appellant committed an offense against
a helpless victim who trusted appellant as her father. Appellant's actions will also quite
likely cause lifelong psychological and emotional trauma for the victim. The State has
asked that appellant remain incarcerated for a term long enough to assure that the victim
will reach eighteen years of age before appellant can possibly be paroled. This Court
holds that the punishment is not grossly disproportionate to the crime. "This finding ends
any analysis under McGruder. Id. "In continuing the analysis using the Solem factors, we
note that there is no evidence in the appellate record of the sentences imposed on
criminals in Texas or other jurisdictions who committed a similar offense; therefore we may
not engage in a comparative evaluation." Id. (citing Simmons v. State, 944 S.W.2d 11, 15
(Tex. App-Tyler 1996, no pet.)). "Accordingly, we hold that under either test, appellant's
sentence does not violate the cruel and unusual punishment provision of the Eighth
Amendment." Id. Appellant's second point of error is overruled.

We have considered all of appellant's points of error and they are all overruled. The
judgment of the trial court is AFFIRMED. 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

21st day of August, 2003.