NUMBER
13-03-490-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

JAIME FRANCISCO SALDIVAR,                                  Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 404th District Court

                          of Cameron County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Jaime
Francisco Saldivar, appeals his conviction of injury to a child.  See Tex.
Pen. Code Ann. '22.04(a)(1)(Vernon Supp. 2004-05).  Following a jury trial, appellant was found
guilty and sentenced to twenty years in the Institutional Division of the Texas
Department of Criminal Justice.  The trial
court has certified that this case Ais not a plea bargain case, and the defendant has
the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By three issues, appellant argues that (1)
the evidence was factually insufficient to support the verdict, (2) there was
egregious error in the jury charge, and (3) the pathologist>s statement that the victim=s death was caused by a Ahomicidal massive blow@ was a
comment on the ultimate issue and, therefore, harmful error.  We affirm. 

I.  BACKGROUND

As this is a
memorandum opinion and because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

II.  ANALYSIS

A.  Factual Sufficiency

By his first
issue, appellant contends that the evidence is factually insufficient to
support his conviction.  Appellant
specifically alleges that the testimony offered rendered the verdict so against
the weight of the evidence as to be manifestly unjust and wrong.








In a factual
sufficiency review, the sole question to be answered is whether, considering
all of the evidence in a neutral light, a jury was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004)
(Vernon 1981); see Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997).  In this neutral light, the Court
determines whether "the proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof."  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003) (en banc) (citing Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000) (en banc)).  We
are not bound to view the evidence in the light most favorable to the verdict,
and may consider the testimony of all the witnesses.  Johnson, 23 S.W.3d at 10-12.  Circumstantial evidence may be sufficient to
show appellant committed the offense.  See
Meyers v. State, 737 S.W.2d 6, 8 (Tex. App.BCorpus
Christi 1987, no pet.).  The jury is the
sole judge of the credibility of the witnesses and the weight to be given to
the evidence.  Cain, 958 S.W.2d at
407.  Additionally, we measure the
factual sufficiency of the evidence by the elements of the offense as defined
by a hypothetically correct jury charge for the case.  See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.BCorpus Christi 2002, pet. ref=d).

In the present
case, the pathologist and the attending physician testified that the victim=s death resulted from trauma to the head and/or from
violent shaking.  Testimony revealed that
the victim showed no signs of injury before being placed in appellant's
care.  Appellant testified that he shook
the victim "front and back" after the victim scratched him on the
face and that he placed the victim on the mattress floor and then heard victim
"coughing and having a hard time breathing."  Appellant also testified that he was alone
with the victim during this time.








Appellant urges,
however, that the attending physician's testimony did not exclude other
possible causes of the victim=s injuries such as a fall which was alleged by
appellant and appellant=s mother. 
Furthermore, he asserts that the pathologist=s pretrial report, unlike his testimony, did not
include that the victim=s death resulted from shaken baby syndrome.  Lastly, appellant urges that the defense
expert witness testified that the victim=s injuries could have resulted from a fall which
also goes toward his contention that the evidence is factually insufficient to
support the verdict.    In view of the
evidence produced at trial, we conclude that proof of guilt is not so obviously
weak as to undermine confidence in the jury=s
determination.  See Swearingen, 101
S.W.3d at 97.  Neither is the proof of
guilt outweighed by contrary evidence.  See
id.  Any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Johnson, 23 S.W.3d at 7.  When there is evidence that establishes guilt
beyond a reasonable doubt, and the fact finder believes that evidence, this
Court may not reverse the judgment on sufficiency of the evidence grounds.  Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1998) (en banc).  We,
therefore, overrule appellant=s first issue.

B.  Charge Error

By his second issue,
appellant argues that there was fundamental error in the jury charge which
caused egregious harm.  When an appellant
fails to object to a particular jury charge error and raises it for the first
time on appeal, as in this case, he must establish that egregious harm arose
from the alleged error which then denied him a fair trial.  Medina v. State, 7 S.W.3d 633, 639
(Tex. Crim. App. 1999); see Tex.
Code Crim. Proc. Ann. art. ' 36.19 (Vernon 1981); Almanza v. State, 686
S.W.2d 157,171 (Tex. Crim. App. 1984) (en banc).








Appellant was
charged with injury to a child.  Section
22.04(a) provides, in relevant part, as follows:

A person commits an offense if he intentionally,
knowingly . . . by act  or . . . by
omission, causes to a child . . . serious bodily injury . . . .

 

Tex.
Pen. Code Ann. ' 22.04(a) (Vernon Supp. 2004-05).  This language was set out in the abstract
portion of the charge.  However, the
instruction also included the following language regarding endangerment of a
child:

A person commits an offense if he intentionally or
knowingly, by act or omission, engages in conduct that places a child younger
than 15 years in imminent danger of death, bodily injury, or physical or mental
impairment.

 

See id. ' 22.041(c) (Vernon 2003).  Appellant contends that because the charge
included this element of endangering a child, it allowed the jury to convict
him of a crime not pleaded in the indictment.

Conceding error,
the State contends that because the application paragraph correctly instructed
the jury, any error in the abstract instruction was not egregious.  See Medina, 7 S.W.3d at 640 (holding
that error in an abstract definition is not egregious harm when the application
paragraph correctly instructs a jury and restricts the jury to the allegations
in the indictment); Grady v. State, 614 S.W.2d 830, 831 (Tex. Crim. App.
1981) (holding that abstract statements of the law that go beyond the
allegations in the indictment will not present reversible error when
application of the law to the facts effectively restricts the jury's
deliberation to the allegations in the indictment).  We agree.

 








The application
portion of the jury charge read, in relevant part, as follows:

Now, if you find
from the evidence beyond a reasonable dobut that on or about October 24, 2002,
. . . the defendant . . . did then and there intentionally or knowingly cause
serious bodily injury to [B.M.L.], a child younger than 15 years of age, by
striking the head of [the child] with an object unknown to the Grand Jury or by
causing the head of [the child] to strike an object unknown to the Grand Jury
or by shaking [the child] in a manner and means unknown to the Grand Jury, then
you will find the defendant guilty.

 

Unless you so
find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you
will find the defendant not guilty.

 

The application paragraph
correctly instructed the jury regarding injury to a child only and charged the
jury with finding that appellant, "intentionally and knowingly caused
serious bodily injury" to the victim by "striking the head . . . with
an object . . . or by causing the head . . . to strike an object."  This section emphasized to the jury that a
finding must be made beyond a reasonable doubt. 


Furthermore, the
evidence and testimony put on by both parties concentrated on the child=s injuries and cause of death.  During opening and closing arguments, neither
party referenced the elements of child endangerment.  In its closing argument, the State reviewed
the definition of injury to a child and emphasized testimony that supported the
allegation of "serious bodily injury."  The defense counsel's closing argument began
with a review of the elements for injury to a child.  Counsel later added, "this is what the
indictment is about.  This is what they
have to prove beyond a reasonable doubt. 
This is the very heart of the case."

Accordingly, we
find that error in the abstract portion of the jury charge did not constitute
egregious harm.  Appellant=s second issue is overruled.








C.  Expert Comment

By his third
issue, appellant argues that a statement made by the pathologist that the cause
of death was "homicidal massive blow or blows to the head" was an
opinion on the ultimate issue and that such error was not harmless beyond a
reasonable doubt.  However, appellant
failed to timely object and, therefore, did not preserve error.  Tex.
R. App. P. 33.1(providing that in order to preserve a complaint for
appellate review, there must have been a timely objection to the trial court,
specifically stating the grounds for the objection, and a ruling obtained).

The record
reveals that the testimony about which appellant objects was offered on
numerous occasions before appellant raised his objection.  It is well settled that a party must object
every time allegedly impermissible evidence is offered.  Lane v. State, 151 S.W.3d 188, 193
(Tex. Crim. App. 2004).  Even if evidence
is erroneously admitted, any error in its admission is cured when the same
evidence comes in elsewhere without objection. 
Id.  This issue has not
been preserved for review.  We overrule
appellant=s third issue.

III.  CONCLUSION

Accordingly, we
affirm the judgment of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 18th day of
August, 2005.