

NUMBER 13-11-00210-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUAN GABRIEL SALINAS,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Longoria

The State of Texas indicted appellant, Juan Gabriel Salinas, on two counts of sexual assault of a child and twelve counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), 21.11(a) (West 2011). A jury convicted appellant of twelve of the charges—both sexual assault counts and ten of the indecency counts.

The court assessed a total of twenty-nine years imprisonment followed by ten years of community supervision. In a single issue, appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

## I. ANALYSIS

Appellant specifically argues that the evidence supporting his convictions is insufficient because the State failed to prove that his accusers were not married to him. The penal code provides that it is an affirmative defense to both sexual assault of a child and indecency with a child if the actor was the spouse of the child at the time of the act. *Id.* §§ 22.011(e)(1), 21.11(b-1).

### A. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, we ask "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The standard is the same for direct or circumstantial evidence. *Hooper v.* State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We review whether the inferences drawn by the finder of fact, in this case the jury, are reasonable based upon the "combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Garcia*, 367 S.W.3d at 688 (citing *Clayton*, 235 S.W.3d at 778).

### B. Applicable Law

The State may prove that the victim was not the spouse of the defendant by circumstantial evidence. *Hooper*, 214 S.W.3d at 13; *Strahan v. State*, 306 S.W.3d 342, 348 (Tex. App.—Fort Worth 2010, pet. ref'd); *Meyers v. State*, 737 S.W.2d 6, 8 (Tex.

2

App.—Corpus Christi 1987, no pet.). Both the sexual assault and the indecency with a child statutes define "spouse" as a person who is legally married under the laws of Texas or of another state. *See* TEX. PENAL CODE ANN. §§ 22.011(c)(2), 21.01(4) (West 2011). In Texas, persons between the ages of sixteen and eighteen may marry with consent of their parents, but persons below the age of sixteen may not marry without a court order. TEX. FAM. CODE ANN. §§ 2.102, .103 (West 2011). The Court of Criminal Appeals and several other courts of appeals have held that the mere fact that the victim was generally too young to marry can be sufficient evidence to prove that the defendant is not the victim's spouse. *Chavez v. State*, 508 S.W.2d 384, 386–87 (Tex. Crim. App. 1974) (holding that the victim was between seven and eight years old at the time of the offense was sufficient to establish that she was not married to defendant); *Meyers*, 737 S.W.2d at 8–9; *Rodriguez v. State*, 939 S.W.2d 211, 217–18 (Tex. App.—Austin 1997, no pet.); *Zewoldermariam v. State*, 730 S.W.2d 354, 354–55 (Tex. App.—Dallas 1987, no pet.); *see Strahan*, 306 S.W.3d at 348–49 (holding that because the victim was ten years old at the time of the offense and made an outcry that "her dad" was raping her sufficient evidence to establish that she was not married to him).

## C. Discussion

The record contains ample circumstantial evidence from which the jury could infer appellant's marital status. All four of the minor victims in this case, S.A., S.R., A.H., and D.D., testified for the State without contradiction that they were below the age of sixteen at the time of the events that form the bases of the offenses.[1] We agree with

---

[1] S.R. was eighteen at the time of her testimony. She did not testify regarding her age, but the evidence shows that she would have been approximately sixteen at the time of the crimes.

the Court of Criminal Appeals, our sister courts, and our own precedent that this fact alone is sufficient to circumstantially prove that appellant was not married to any of them. *Chavez*, 508 S.W.2d at 386; *Strahan*, 306 S.W.3d at 349; *Rodriguez*, 939 S.W.2d at 217–18; *Meyers*, 737 S.W.2d at 8.

In addition, in this case, the victims' testimony contains further evidence from which the jury could have inferred that appellant was not married to any of them at the time the alleged offenses occurred. S.A. testified that before appellant molested her, she thought of him "like a friend" because appellant had dated her mother in the past.[2] S.R. testified that after appellant tried to force her to perform oral sex on him, that she felt "scared and nervous" and did not feel that her relationship with appellant was "normal." A.H. testified that she thought her relationship with appellant was wrong. She stated that she did not tell anyone because she was afraid of how her parents and appellant would react. D.D. testified for the State that she looked up to appellant "like a Dad" before he began assaulting her. In short, it is clear from their testimony that all four witnesses considered or thought of appellant as a trusted adult. They viewed appellant's sexual advances as something abnormal in their relationship with him and did not think of him as a spouse.[3] Viewing this evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to prove beyond a reasonable doubt that appellant was not married to any of the victims at the time he committed the offenses. *See Meyers*, 737 S.W.2d at 8. We overrule appellant's sole issue.

---

[2] Salinas and S.A.'s mother were no longer dating at the time Salinas molested S.A..

[3] The State accurately points out that even if the evidence supported another inference it would at most affect the charges related to one of the victims because Salinas could not have been legally married to all four of them at the same time.

## II. Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

_____
NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
7th day of February, 2013.