Affirmed and Memorandum Opinion filed September 18, 2003















Affirmed and
Memorandum Opinion filed September 18, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00818-CR

_______________

 

GERALD JEROD
DURDEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________

 

On Appeal from 248th District Court

Harris County, Texas

Trial Court Cause No. 905,464

________________________________________

 

M E M O R A ND U M   O P I N I O
N

            Appellant, Gerald Jerod Durden, appeals his
conviction for aggravated sexual assault of a child.  Specifically, he contends (1) he was denied
effective assistance of counsel; (2) the evidence was legally insufficient to
support the conviction; (3) the evidence was factually insufficient to support
the conviction; and (4) the trial court erred in denying his motion for new
trial.  We affirm.




 








Facts

            Appellant was married to Lakeysha Brooks and fathered one child with her, the
complainant.  Ms. Brooks has two other
children from a previous relationship with Dennis Wimbley.  On July 23, 2001, appellant was alone with all three children while
Ms. Brooks was working.  According to the
State’s evidence, appellant called the complainant into his room, removed her
panties, and touched her “private part” with his hand and his “private
part.”  Appellant ejaculated on the complainant.  Later that evening, the complainant told Mr. Wimbley about the assault. 
He called the police and appellant was arrested.  

            The results of a medical examination
on the complainant were consistent with her allegations.  The outside of her genitalia was red and
irritated, and her hymen was swollen. 
Further, semen was discovered on her panties.  DNA testing confirmed that the semen was
appellant’s.  

Ineffective Assistance of Counsel

            In appellant’s first point of error,
he contends his trial counsel was ineffective because he failed to (1) preserve
error on the trial court’s denial of his challenge for cause during voir dire and (2) object to the prosecutor’s alleged
misstatement of the facts during closing argument.  

            An appellant contending that
counsel’s assistance was ineffective must meet two requirements.  First, appellant must show his counsel’s
performance was deficient; second, he must demonstrate that the deficient
performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687
(1984).  Appellant must prove such
ineffectiveness by a preponderance of the evidence.  See Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002); Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).

            In proving prong one, an appellant
must show counsel’s representation fell below an objective standard of
reasonableness.  Bone, 77 S.W.3d at 833. 
However, we indulge a 

 class=Section3>

strong
presumption that counsel was competent.  Id.  “[T]he record on direct appeal will generally
‘not be sufficient to show that counsel’s representation was so deficient as to
meet the first part of the Strickland
standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts
that do not appear in the appellate record.’” 
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (quoting Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002)).  Consequently, the record is
best developed by a collateral attack, such as a motion for new trial.  Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  

            Appellant filed a motion for new
trial in this case; however, he did not raise ineffective assistance of
counsel.  Further, after a careful review
of the record, there is no firm evidentiary support to overcome the presumption
that trial counsel’s actions were part of reasonable trial strategy.  Bone,
77 S.W.3d at 836 (counsel should be given an opportunity to explain his actions
before being denounced as ineffective). 
Accordingly, appellant fails to meet the first prong of Strickland.  Therefore, we overrule his first point of
error.  

Legal and Factual Sufficiency

            In appellant’s second and third
points of error, he contends the evidence was legally and factually
insufficient to support his conviction. 
To be guilty of aggravated sexual assault, there must be evidence that
appellant intentionally or knowingly caused the sexual organ of a child to
contact or penetrate the mouth, anus, or sexual organ of another person,
including the appellant.  Tex. Pen. Code Ann. §
22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon 2003). 
Additionally, the victim must be younger than fourteen years of age and
not the appellant’s spouse.  Id.  In a legal sufficiency challenge, we review
the evidence in the light most favorable to the verdict to determine if any
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  We
consider all evidence presented at trial; however, we do not re-weigh the
evidence or substitute our judgment for that of the fact finder.  Id.  The jury, “is the sole judge of the
credibility of witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  Therefore, if any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt, we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

            In reviewing factual sufficiency of
the evidence, it is our duty to examine the jury’s weighing of the evidence.  Clewis v. State,
922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  Thus, we must determine “whether a neutral
review of all of the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof.” 
Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).

            Appellant specifically contends
there was insufficient evidence that the complainant was not his spouse.  Circumstantial evidence may be used to prove
an essential element of the offense charged. 
See Wilson v. State, 654 S.W.2d 465, 467 (Tex. Crim. App. 1983). 
Here, the evidence showed that complainant was only nine years old at
the time of the assault.  Additionally,
there was testimony that appellant was her biological father.  Based on their relationship, the jury could
rationally infer that the child and appellant were not married.  See
Jones v. State, 817 S.W.2d 854, 856 (Tex. App.—Houston [1st Dist.] 1991, no
pet.) (circumstantial evidence sufficient where child was seven years old and
defendant was biological father). 
Appellant further contends that he was not the complainant’s biological
father.  Nonetheless, he does not deny
that he was married to the complainant’s mother when the sexual assault took
place.  The jury could conclude appellant
was already married; therefore, he was not married to the complainant.  Ferguson
v. State, 579 S.W.2d 2, 6–7 (Tex. Crim. App.
1979) (victim was defendant’s stepdaughter). 
Accordingly, we find there was legally sufficient evidence that
appellant was not the complainant’s spouse. 
Further, after reviewing the evidence we find that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s
determination.  Johnson, 23 S.W.3d at 11. 
Thus, we find the evidence was also factually sufficient to support the
conviction.  We overrule appellant’s
second and third issues.

Motion for New Trial

            In appellant’s fourth issue, he
contends the trial court erred in denying his motion for new trial based on
newly discovered evidence.  Appellant
argued during the hearing on his motion for new trial that the complainant later
recanted her allegations of sexual assault. 
Additionally, he claimed that without the complainant’s testimony, the
only evidence against him was “inconclusive” DNA test results.

            A ruling on a motion for new trial
will not be disturbed on appeal absent an abuse discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). 
Article 40.001 of the Texas Code of Criminal Procedure provides that
“[a] new trial shall be granted an accused where material evidence favorable to
the accused has been discovered since trial.” 
Tex. Code Crim.
Proc. Ann. art. 40.001 (Vernon Supp.
2003).  An appellant is entitled to have
his motion for new trial granted if (1) the newly discovered evidence was
unknown to him at the time of trial; (2) his failure to discover the new
evidence was not due to his lack of due diligence; (3) the new evidence is
admissible and not merely cumulative, corroborative, collateral, or impeaching;
and (4) the new evidence is probably true and will probably bring about a
different result in a new trial.  Moore v. State, 882 S.W.2d 844, 849
(Tex. Crim. App. 1994) (citing Drew v. State, 743 S.W.2d 207, 226 (Tex. Crim.
App. 1987)). 

            Appellant’s contentions are meritless for two reasons. 
First, appellant’s supporting affidavit was not offered into evidence
during the hearing.  Motions for new
trial are not self-proving.  George v. State, 20 S.W.3d 130, 135
(Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  There were no witnesses called to testify in
the hearing, and the affidavit is not present in the record from the hearing.[1]  All we have on appeal are the pleadings;
therefore, we have no evidence to sustain his issue.  Cf.
Martins v. State, 52 S.W.3d 459, 468 (Tex.
App.—Corpus Christi 2001, no pet.) (affidavits attached to a motion for new
trial are only pleadings and are not evidence unless introduced into
evidence).  

            Second, a new trial is not required
when a recantation is not credible in light of trial evidence.  Driggers v. State, 940 S.W.2d 699, 709 (Tex.
App.—Texarkana 1996, pet. ref’d).  Here, although appellant inexplicably labels
it “inconclusive,” the DNA evidence is strong. 
It established that the sperm found in the complainant’s panties
belonged to appellant.  Further, the
medical examination on the day of the sexual assault confirmed that the
complainant’s genitalia and hymen were injured. 
Finally, the medical records admitted at trial showed that the
complainant felt guilty about the assault. 
If the complainant recanted, the trial court could have found it was not
credible.  See id.  Consequently, the
trial court did not abuse its discretion in denying appellant’s motion for new
trial.  Thus, we overrule appellant’s
final point of error.  

            Having overruled appellant’s issues,
we affirm the judgment of the trial court. 


 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 18, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  In his motion for new trial, he states that an
affidavit from the person to whom the complainant recanted is attached as an
exhibit.  However, there is no such
affidavit in the clerk’s record.