Opinion issued December 16, 2004.



     








In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01112-CR
           01-03-01113-CR




BRAVLIO ESPIRIDION PARDO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 939811 & 939812




MEMORANDUM OPINION

          A jury found appellant, Bravlio Espiridion Pardo, guilty of sexual assault of a
child and aggravated sexual assault of a child and assessed punishment at 20 years
and 50 years, respectively. In his first issue, appellant contends that the evidence was
legally insufficient to support his convictions because the State failed to prove
beyond a reasonable doubt that the complainant was not his spouse. In his second
issue, appellant challenges the factual sufficiency of the evidence. We affirm.
Background
          The complainant, M.G., who was 15 years old at the time of trial, testified that
appellant started sexually abusing her when she was three years old. The complainant
asserted that the abuse consisted of appellant touching her vagina and breasts with his
hand, placing his mouth on her breasts, penetrating her vagina with his penis, placing
her hand on his penis, and forcing her to perform oral sex on him, while threatening
her if she told anyone about the assaults.
          Before trial, Dr. Rebecca Giradet examined the complainant at the Children’s
Assessment Center (“CAC”). During this examination, the complainant stated that
she was there “to put [her] stepfather in jail” because “he raped [her].” A physical
examination revealed two tears in the complainant’s hymen. At trial, the complainant
asserted that she “hated [appellant]” because he would not allow her to visit her
grandparents’ house or go to parties. The complainant also testified that her mother
forced her to write a letter of recantation stating that she “wrongly accused [appellant]
for something he didn’t do to [her] because her mother wanted to ‘go back with’
appellant.” The complainant further explained that her mother and brother promised
to give her a radio, cell phone, and other inducements to get her to change her story.
Legal Sufficiency
          In his first issue, appellant contends that the evidence was legally insufficient
to support his convictions. Specifically, appellant argues that the State failed to prove
that the complainant was not his spouse.
Standard of Review
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
Analysis
          In this case, appellant was charged with sexual assault of a child


 and
aggravated sexual assault of a child.


 Under the Texas Penal Code, a “child” is a
person younger than 17 years of age who is not the spouse of the actor. Tex. Pen.
Code Ann. § 22.011(c)(1) (Vernon Supp. 2004). Appellant argues that, while the
State alleged that the complainant was “not the spouse of the Defendant,” the State
failed to introduce any evidence showing beyond a reasonable doubt that the
complainant was not his spouse. We disagree. 
          Circumstantial evidence may be used to prove an essential element of the
offense charged. See Wilson v. State, 654 S.W. 2d 465, 467 (Tex. Crim. App. 1983). 
Here, the complainant testified that she started living with appellant when she was
three years old and shared a room with her younger brother and appellant’s son and
daughter. The complainant testified that her mother made her write the letter of
recantation because her mother wanted to “go back with” appellant. Additionally,
when the complainant was interviewed at the CAC, she told them that she was there
“to put her stepfather in jail [for raping her].” (Emphasis added). Finally, appellant’s
father referred to appellant as his “son” and complainant as his “granddaughter.” A
jury could infer that the complainant was not appellant’s spouse. See Jones v. State,
817 S.W. 2d 854, 856 (Tex. App.— Houston [1st Dist.] 1991, no pet.) (holding
circumstantial evidence was sufficient to prove that the child was not defendant’s
spouse where child was seven years old and defendant was the child’s biological
father). 
          Viewing the evidence in the light most favorable to the jury’s verdict, any
rational trier of fact could have found beyond a reasonable doubt that the complainant
was not appellant’s spouse. Accordingly, we hold that the evidence is legally
sufficient to support appellant’s convictions.
          We overrule appellant’s first issue.
Factual Sufficiency
          In his second issue, appellant contends that the evidence is factually
insufficient to support his convictions.
Standard of Review
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
          We must also employ appropriate deference so that we do not substitute our
judgment for that of the fact finder. See Zuniga v. State, 144 S.W. 3d 477, 482 (Tex.
Crim. App. 2004). Our evaluation should not intrude upon the fact finder’s role as
the sole judge of the weight and credibility given to any witness’s testimony. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor. Id. at 408. The fact
finder is entitled to judge the credibility of the witnesses and may choose to believe
all, some, or none of the testimony presented. Id. at 407.
Analysis
          Here, the complainant testified that appellant sexually abused her numerous
times. Dr. Giradet testified that she found two tears in the complainant’s hymen,
which indicated injuries consistent with the complainant’s allegations of sexual
assault. The complainant also admitted her hatred and dislike of appellant. She
further explained that her mother forced her to write a letter of recantation and that
the letter was untrue. Additionally, the State presented rebuttal witness Dr. Judy
Rambur, a psychologist with the CAC, who testified that “a sex offender is more
likely to sexually abuse a step-child as opposed to a biological child.”
          In response, appellant presented testimony from his father, brother, daughter,
and sister. Appellant’s father testified that the complainant often defied appellant’s
father’s instructions to stay at his shop and she would instead visit her 28-year-old
married female friend, who lived a block away. Appellant’s brother also testified that
a “mature boy” would call the complainant on the phone at appellant’s father’s shop. 
Finally, appellant’s daughter and sister testified that appellant had never said or done
anything sexually inappropriate to them. 
          Having viewed all of the evidence in a neutral light, we find that the evidence
supporting appellant’s conviction is not too weak to support the finding of guilt
beyond a reasonable doubt; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. The fact finder is entitled to
judge the credibility of the witnesses and may choose to believe all, some or none of
the testimony presented. Cain, 958 S.W.2d at 407. When the evidence is
conflicting, the jury’s verdict is generally regarded as conclusive. See McGarity v.
State, 5 S.W.3d 223, 232 (Tex. App.— San Antonio 1999, no pet). We hold that the
evidence demonstrates that the jury was rationally justified in finding appellant guilty
beyond a reasonable doubt. See King, 29 S.W.3d at 562.
          We overrule appellant’s second issue.
ConclusionWe affirm the judgment of the trial court.
 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.